**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN BERGANZA-GARCIA, | No. 10-72069 |
| Petitioner, | Agency No. A023-037-533 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Esteban Berganza-Garcia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We lack jurisdiction over Berganza-Garcia's asylum and cancellation of removal claims because he failed to exhaust any challenges to the IJ's conclusion that he is ineligible for these forms of relief due to his prior criminal convictions. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA). Accordingly, we dismiss Berganza-Garcia's petition with respect to his asylum and cancellation of removal claims.

Substantial evidence supports the BIA's conclusion that Berganza-Garcia was not harmed in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not a part of "a pattern of persecution closely tied to" petitioner). Substantial evidence also supports the BIA's conclusion that Berganza-Garcia failed to establish a clear probability of future persecution on account of a protected ground based on his experiences during the Guatemalan civil war, the killing of his brothers by guerrillas, and the shooting of his niece by unknown assailants. *See INS v. Elias-Zacarias*, 502 U.S.

478, 481-82 (1992).  Accordingly, Berganza-Garcia's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's finding that Berganza-Garcia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**